OPINION. Rice, Judge: The petitioners herein argue that by virtue of the contract under which they mined coal for Norma, they possessed an economic interest therein and are, therefore, entitled to a deduction for depletion, as provided in sections 23 (m) [1] and 114 (b) [2] of the 1939 Code. The respondent, on the other hand, contends that the partnership derived only an economic advantage from its mining operations and that it, therefore, possessed no depletable economic interest in the coal which it mined. Upon a careful review of the entire record in this case, we are satisfied that the partnership, and, through it, the petitioners, possessed an economic interest in the coal which they mined under the contract with Norma. Among the most important criteria in determining whether an independent contractor possesses a true economic interest or only an economic advantage in the coal which he mines are whether or not he has an exclusive right to mine all of the coal within a given area and whether he must look to a sale thereof for his profit — the price which he receives being dependent upon the market price of the coal when sold. Usibelli v. Commissioner, 229 F. 2d 539 (C. A. 9, 1955), affirming a Memorandum Opinion of this Court filed June 30, 1954. The contract here gave the partnership the exclusive right to deep mine all of the coal within a given area. It also provided that the partnership’s compensation for the coal which it mined was to be $4 per ton. That price, however, was subject to adjustment by mutual agreement of the parties depending upon fluctuations in the coal market. We therefore conclude that under the terms of the contract, the partnership acquired an economic interest in the coal and was entitled to recover its investment by way of a percentage depletion deduction on the authority of Virginia B. Coal Co., 25 T. C. 899 (1956); Helen C. Brown, 22 T. C. 58 (1954); and James Ruston, 19 T. C. 284 (1952). We note that one of the provisions of the contract was to the effect that if Norma was unable to sell or otherwise dispose of, at a reasonable profit, the coal produced by Rebecca, Norma should have the right to suspend further mining operations and Rebecca could not mine any more coal until authorized to do so by Norma. Despite the fact that that particular provision of the contract gave Norma control over the amount of coal mined, Rebecca, nevertheless, possessed the exclusive right to mine coal when mining operations were conducted. If Rebecca could not mine the area, no one else was able to do so. We therefore conclude that such control of coal production as Norma retained was not sufficient to destroy Rebecca’s economic interest in the coal which it did, in fact, mine during the year in issue. Decisions will he entered for the petitioners. SEC. 23. DEDÜCTIONS PROM GROSS INCOME. In computing net income there shall be allowed as deductions : [[Image here]] (m) Depletion. — In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. * * * Por percentage depletion allowable under this subsection, see section 114 (b), (3) and (4). SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION. (b). Basis foe Depletion.— [[Image here]] (4) Percentage depletion por coal and metal mines and fob certain other mines AND NATURAL MINERAL DEPOSITS.- (A) In General. — The allowance for depletion under section 23 (m) in the case of the following mines and other natural deposits shall be— ******* (11) in the case of coal,asbestos, brucite, dolomite, magnesite, perlite, wollastonite, calcium carbonates, and magnesium carbonates, 10 per centum.